**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **DAVID HOLT, Individually and on Behalf of ATR Realty II, LLC,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION FILE NO.** |
| | : | _____ |
| **DAVID J. DER HAGOPIAN,** | : | |
| | : | |
| **Defendant, and** | : | |
| | : | |
| **ATR REALTY III, LLC,** | : | |
| | : | **Judge _____** |
| **Nominal Defendant.** | : | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant David J. Der Hagopian ("Defendant"), hereby gives notice of removal of the above-captioned matter (Civil Action No. 14-CV-913) from the Superior Court of Bartow County, State of Georgia, where it is now pending to this Court by filing this Notice of Removal.  As grounds for this removal, Defendant shows the Court as follows:

1.

On or about May 2, Plaintiff brought an action in the Superior Court of Bartow County, Georgia, styled *David Holt, Individually and on behalf of ATR Realty III, LLC v. David J. Der Hagopian, and ATR Realty III, LLC, Nominal*

*Defendant*, Civil Action No. 14CV913 (the "State Action").  Along with a Verified

Complaint, Plaintiff filed an Application for a Temporary Restraining Order

("TRO").  A true and correct copy of all process, pleadings, and orders served upon

Defendant in the State Action is attached hereto and incorporated as Exhibit 1.

2.

As more fully set forth below, this Court has original jurisdiction over this

action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The notice of removal

is timely, as Defendant has not yet been served in the State Action.

3.

Diversity jurisdiction exists because the actual and proper named parties are

citizens of different states, the actual and proper named Defendant is not a citizen

of this State, and the matter in controversy exceeds the sum of $75,000, exclusive

of interest and costs.  Thus, complete diversity exists under 28 U.S.C. § 1332.

## DIVERSITY JURISDICTION EXISTS

4.

The Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1332.  This action is therefore removable under 28 U.S.C. § 1441.

## The Parties In This Case Are Diverse

5.

According to the Verified Complaint and Application for TRO, Plaintiff David Holt ("Holt") is an individual resident of Bartow County, Georgia, and is, therefore, a citizen of the State of Georgia. *See* Ex. 1, Verified Compl. ¶ 1, Application for TRO ¶ 1. *See* 28 U.S.C. § 1332(c)(1).

6.

Defendant is an individual resident of the State of Florida. *See* Ex. 1, Verified Compl. ¶ 2; Application for TRO ¶ 2. Therefore, Defendant is a citizen of the State of Florida. *See* 28 U.S.C. § 1332(c)(1).

7.

Plaintiff alleges that ATR Realty III, LLC ("ATR") is a Georgia limited liability company with its principal place of business located in Cartersville, Georgia. *See* Ex. 1, Verified Compl. ¶ 3; Application for TRO ¶ 3. Plaintiff does not allege the citizenship of ATR.

8.

Regardless, ATR is subject to immediate dismissal. Holt may not bring a claim on behalf of ATR because (1) he is not a manager (see Verified Compl. ¶ 8; Application for TRO ¶ 8, and (2) he has not alleged that he satisfied the

jurisdictional requirements of OCGA § 14-11-801 (requiring, among other things, that a member make a written demand on managers or members requesting them to take suitable action, and allowing 90 days for concerns to be addressed before a derivative action can be commenced) or § 802 (requiring Plaintiff to "set forth with particularity the effort of the plaintiff to secure commencement of the action by the managers or the members who would otherwise have the authority to cause the limited liability company to sue in its own right.")

9.

In addition, Plaintiff has named ATR as a "Nominal Defendant."  A nominal party is disregarded for purposes of diversity.  *See Amerisure Ins. Co. v. Orange and Blue Const., Inc*., 545 F. Appx. 851, 854, (11th Cir. Nov. 4, 2013) (citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenships of real parties to the controversy.")

10.

Accordingly, Holt is of diverse citizenship from Defendant, as required by 28 U.S.C. § 1332(a).

11.

Furthermore, Defendant is not a citizen of the state in which the underlying

action was brought.  *See* 28 U.S.C. 1441(b)(2).  As such, complete diversity

existed on the date this action was filed and complete diversity continues to exist

as of the filing of this Notice of Removal.

### The Amount In Controversy Requirement Is Satisfied

12.

Plaintiffs do not allege a specific amount of damages in their Verified

Complaint.  However, Plaintiffs allege that the issues in this case "will cost the

Company well over a million dollars in lost rent and equity" in addition to other

damages.  Verified Compl. ¶ 45; Application for TRO ¶ 45.  Based on the facts

alleged, the amount in controversy exceeds $75,000, exclusive of interest and

costs.

13.

Plaintiffs have also requested extraordinarily broad injunctive relief.  When

a plaintiff seeks injunctive relief, the amount in controversy is "the monetary value

of the object of the litigation that would flow to the plaintiff[] if the injunction

were granted."  *D&R Party, LLC v. Party Land, Inc.*, 406 F. Supp. 2d 1382, 1384

(N.D. Ga. 2005).

14.

The "object of the litigation" in the present case includes injunctive relief regarding the ownership of ATR as well as its management.  Verified Compl. ¶¶ 49-54; 57-59.

15.

Accordingly, relief sought by Plaintiffs is substantial and the amount in controversy exceeds the $75,000 threshold.

16.

Pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the above-captioned State Action to this Court is appropriate.

17.

Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal is being served on Plaintiffs and filed with the Clerk of the Bartow County Superior Court.

18.

Defendant reserves the right to amend or supplement this Notice of Removal as appropriate.

19.

In accordance with 28 U.S.C. § 1446(a), Defendant certifies that this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

In addition, as set forth above, copies of all pleadings, process, orders and other papers filed in the State Action are attached as Exhibit 1.  *See* 28 U.S.C. § 1446(a).

WHEREFORE, because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based on the complete diversity of citizenship between Plaintiffs and Defendant, removal pursuant to 28 U.S.C. § 1441 is appropriate.

Respectfully submitted this 6th day of May, 2014.

*/s/ Jeffrey D. Horst*
Jeffrey D. Horst
Georgia Bar No. 367834
horst@khlawfirm.com
Christopher E. Adams
Georgia Bar No. 789600
adams@khlawfirm.com
*Attorneys for Defendant, David J.*
*Der Hagopian*

KREVOLIN & HORST, LLC
1201 W. Peachtree Street, N.W.
Suite 3250, One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, the undersigned counsel hereby certifies that

the foregoing **NOTICE OF REMOVAL** complies with the font and point sections

approved by the Court in Local Rule 5.1C.  This document was prepared on a

computer using the Time New Roman font (14 point).

*/s/ Jeffrey D. Horst*     

Jeffrey D. Horst

Georgia Bar No. 367834

horst@khlawfirm.com

Christopher E. Adams

Georgia Bar No. 789600

adams@khlawfirm.com

*Attorneys for Defendant, David J.*

*Der Hagopian*

KREVOLIN & HORST, LLC

1201 W. Peachtree Street, N.W.

Suite 3250, One Atlantic Center

Atlanta, GA 30309

(404) 888-9700

(404) 888-9577 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the within and foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF system and have served on the following attorneys of record by electronic mail and by depositing a copy of same in the United States mail, in properly addressed envelopes, with adequate postage affixed thereon to insure delivery as follows:

Darren Summerville, Esq.
Summerville Moore, P.C.
1201 Peachtree Street, N.E.
400 Colony Square, Suite 2000
Atlanta, GA 30361
darren@summervillemoore.com

Jennifer Auer Jordan, Esq.
The Jordan Firm, LLC
1447 Peachtree Road, N.E.
Suite 880
Atlanta, GA 30309
jennifer@thejordanfirm.com

Respectfully submitted this 6th day of May, 2014.

*/s/ Jeffrey D. Horst*
Jeffrey D. Horst
Georgia Bar No. 367834
horst@khlawfirm.com
Christopher E. Adams
Georgia Bar No. 789600
adams@khlawfirm.com
*Attorneys for Defendant, David J. Der Hagopian*

KREVOLIN & HORST, LLC
1201 W. Peachtree Street, N.W.
Suite 3250, One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)